UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| VANCE E. SHELTON | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-117 |
| | ) | |
| HOWARD CARLTON, Warden, | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

Vance E. Shelton, through his attorney, J. Russell Pryor, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement under a 1996 state court conviction. Pursuant to that conviction, the petitioner is serving a 25-year sentence of imprisonment. Before the Court are the respondent's motion to dismiss, along with copies of the relevant state court record; the petitioner's response in opposition, supported by two later-filed affidavits; and the respondent's reply thereto. (Doc. 4 and Addenda 1-3; Doc. 5). For the reasons which follow, the motion will be **GRANTED** and the petition will be **DISMISSED**.

**II. The Applicable Law**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, contains a one-year statute of limitations governing the filing of an application for

a writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly filed application for state post-conviction or other collateral relief. The first circumstance is the one which applies to this case.

### III. Discussion

Following his 1996 conviction for child rape by a jury in Greene County, Tennessee,[1] petitioner filed a direct appeal. The Tennessee Court of Criminal Appeals denied relief and, on April 9, 2001, the Tennessee Supreme Court declined further review. *State v. Shelton*, No. E2000-01632-CCA-R3-CD, 2000 WL 1858996 (Tenn. Crim. App. Dec. 20, 2000), *perm. app. denied* (Tenn. Apr. 9, 2001). Ninety-one days later (i.e., Monday, July 9, 2001), the petitioner's opportunity to file a petition for a writ of certiorari in the United States Supreme Court expired.[2] At this point, the petitioner's conviction became final, for

---

[1] According to the face of the petition, Shelton was also convicted of aggravated sexual battery, but this conviction was reversed in his post-conviction appeal.

[2] Though such a petition must be filed within ninety days, *see* S. Ct. R. 13, in this case the ninetieth day fell on a Sunday, when the courthouse is closed and, under Fed. R. Civ. P. 6(a), the petitioner had an extra day (i.e., Monday) to file the petition.

purposes of § 2244(d)(1)(A), *see Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir.2000), and the time period for filing his § 2254 petition would run expire July 9, 2002—one year afterward. This petition was filed almost four years later, on June 9, 2006. Thus, it is untimely under the AEDPA, unless something tolled the limitations period.

A. **Statutory Tolling**

As noted previously, the limitations statute is tolled while a properly filed petition for state post-conviction or collateral relief is pending. *See* 28 U.S.C. § 2244(d)(2). The petitioner filed a state post-conviction petition on August 10, 2001, stopping the AEDPA's clock on day 32 of the 365-day clock. His state petition remained pending until December 1, 2003, *State v. Shelton*, No. E2002-01437-CCA-R3-PC, 2003 WL 21766243 (Tenn. Crim. App. Jul., 31, 2003), *perm. app. denied* (Tenn. Dec. 1, 2003), when the state's highest court declined further review. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) (the AEDPA clock is not tolled during the time a petition for certiorari review of state post-conviction decision is pending or could have been filed). The next day, December 2, 2003, the AEDPA clock resumed ticking. *See* Fed. R. Civ. P. 6(a).

On October 14, 2004, after the clock had ticked 317 days more, the petitioner filed a motion to re-open his post-conviction petition. The trial court denied the motion, and the state appellate court affirmed the lower court's decision. (Doc. 4, Attach. 3, *Shelton v. State*, No. E2004-02613-CCA-R28-PC (Tenn. Crim. App. Apr. 12, 2005) (Order). The record does not show that the petitioner sought to appeal this decision.

For purposes of deciding the motion to dismiss, the Court will assume, but not actually find, that the motion to re-open stopped the AEDPA statute from running on day 349 for a total of 349 days (317 days + 32 days) of the 365-day clock.[3] The Court will further assume that the statute remained tolled for 62 days[4] after the state appellate court issued its April 12, 2005 order denying relief (Doc. 4, Attach. 3), the time during which the petitioner could have sought further review in the state supreme court, *see* Tenn. R. App. P.11(b), and that the statute resumed running on June 14, 2005, with sixteen days remaining in the period. Under this scenario, which is the most generous to the petitioner, the statute expired on June 30, 2005 (day 365 of the AEDPA's one-year clock). The petitioner filed his § 2254 application more than eleven months later, on June 9, 2006, and he, therefore, is not entitled to statutory tolling under § 2244(d)(2).

B. **Equitable Tolling**

The one-year statute of limitations in AEDPA, however, is not jurisdictional and also is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). Whether the statute should be equitably tolled depends upon: (1) the petitioner's lack of notice of the filing requirements; (2) his lack of

---

[3] Relying upon *Nimmons v. Carlton*, Civil Action No. 3:05-cv-353 (E.D.Tenn. Dec. 21, 2005), the respondent maintains that the petitioner's motion to reopen did not toll the statutory time-period. In *Nimmons*, another judge in this district held that a motion to reopen post-conviction proceedings cannot toll § 2244(d)'s one-year limitations statute because such a motion is not part of the ordinary course of Tennessee's collateral review process. Be that as it may, this particular "tolling" issue need not be resolved here because this § 2254 petition is time-barred, whether or not the motion to reopen tolls the AEDPA's limitations statute.

[4] Saturday, June 11, 2005 was the sixtieth day. This gave the petitioner two extra days to seek review in the Tennessee Supreme Court.

constructive knowledge of the filing requirement; (3) his diligence in pursuing his rights; (4) the absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 1008 (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988)).

These factors are not necessarily comprehensive and not all factors are relevant in every case. *Vroman v. Brigano*, 346 F.3d, 598, 605 (6th Cir. 2003). The petitioner bears the burden of showing that he is entitled to equitable tolling, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003), and the decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The doctrine of equitable tolling is used sparingly and, typically, is applied "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-61 (6th Cir. 2000)). *See also Lawrence*, 127 S. Ct. at 1085 (equitable tolling, if available in § 2254 petitions, is warranted only where "'some extraordinary circumstance stood in [a petitioner's] way' and prevented timely filing") (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The petitioner maintains that he qualifies for equitable tolling under the analysis in *Dunlap*. To support his equitable-tolling argument, the petitioner has submitted his affidavit (Doc. 8), averring that, to his recollection, he did not discuss the habeas corpus statute of limitations with any attorney; including Mr. Pryor; that he was unable to contact

Mr. Pryor, his attorney, until "sometime" in 2006; that he believed that his deadline for filing this habeas corpus petition was one year from the date the judgment on his motion to reopen his post-conviction petition became final (or on June 11, 2006); and that he has been diligent in pursuing his rights by seeking direct review, petitioning for post-conviction relief thirty-three days after completing his direct appeal, and moving to reopen his post-conviction proceedings a couple of months after discovering a ground to support such a motion.

Mr. Pryor has also submitted his affidavit, stating that, to his recollection, he did not discuss the AEDPA's statute of limitations with the petitioner following the conclusion of the motion to reopen; that, after the petitioner contacted him in 2006 (he has no documentation as to the specific date), he agreed to the representation; and that, as soon as his schedule allowed, he filed the petitioner's § 2254 application.

None of these reasons are sufficient to invoke equitable tolling. The petitioner acknowledges that he was mistaken as to the date AEDPA's one-year statute of limitations would begin to run. Significantly, however, he does not state that he was unaware of the *existence* of the one-year limitations statute. And, rightly so, since an awareness of the one-year limitations period is a necessary prelude to a calculation (or in this case, a miscalculation) of the date the period begins and the date it ends. At any rate, the petitioner does not aver that he had no knowledge, either actual or constructive, of the filing requirement, only that he was in error as to the date the limitations period began. Therefore, factors one and two weigh against the petitioner. *See, e.g., Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (holding that AEDPA's clear provisions regarding the statute of

limitations provides constructive knowledge of the filing deadline and that, even there is a lack of actual knowledge, ignorance of the law is insufficient to warrant equitable tolling).

The diligence factor relates not only to the filing of the federal habeas application, but also to the period the petitioner is exhausting his state court remedies. Both time frames are at issue here.

The Court agrees that the petitioner was diligent in filing his post-conviction petition within 33 days of the time his conviction became final. However, the Court cannot reach a similar conclusion with respect to the lapse of time between the conclusion of his post-conviction proceedings and his motion to reopen (again, assuming that such a motion would toll the statute).

AEDPA's one-year clock ticked for 317 additional days after the post-conviction proceedings ended before the motion to reopen was filed on October 14, 2004. Even though the petitioner avers that he filed the motion "within a couple of months" after discovering the state court ruling upon which he based his attorney-conflict claim, he has not accounted for the remaining 256 days (317 days - 31 days/August = 286; 286 days - 30 days/ September = 256 days).

Furthermore, in ruling on the motion to reopen, the state court found that the facts underlying the petitioner's claim (i.e., that counsel suffered from a conflict of interest in that he served as the petitioner's defense attorney and, simultaneously, as the County Attorney) should have been known at the time he filed his post-conviction petition. Thus,

the alleged conflict of interest did not constitute new evidence. Failing to discover facts which should have been known earlier does not illustrate diligence.

Nor has the petitioner adequately accounted for the period of time between the motion to reopen and the filing of his § 2254 petition. The petitioner focuses solely on his efforts to contact counsel and offers no explanation as to why he did not file his § 2254 petition *pro se*, rather than risk filing an untimely petition. Such a course of action would seem to be a logical choice, since he is acquainted with *pro se* filings, having filed his state post-conviction petition *pro se*. *See Shelton v. State*, 2003 WL 21766243, at *2. Also, being actually innocent of child rape, as averred by the petitioner, would be a strong inducement to file a § 2254 application *pro se* rather than wait for one to be filed by an attorney whom he could not reach. Moreover, the petitioner's habeas counsel might have arranged to file the §2254 petition posthaste, instead of filing it "on the earliest date that [his] schedule allowed." *See Lawrence*, 127 S. Ct. at 1083 (Counsel's mistake in miscalculating the limitations period presents no ground for equitable tolling, especially in the post-conviction context where prisoners have no constitutional right to counsel.).

Because neither the state court record nor the petitioner's habeas pleadings suggests that he was ignorant of the legal requirement for filing his claim, factor five does not apply. And the Court need not determine prejudice to the respondent since this factor only applies where the other four have been established. *Dunlap*, 250 F.3d at 1009. Equitable tolling of the limitations period, therefore, is not available to the petitioner.

C. **Other "Tolling"Arguments**

The petitioner offers additional reasons as to why equitable tolling should apply and § 2244(d)'s statute of limitations should not apply.

1. *Timely Filing Precluded by Exhaustion Requirement:* In his effort to circumvent § 2244(d)'s procedural bar, the petitioner first suggests that equitable tolling would be appropriate for the periods during which the exhaustion doctrine precluded him from filing his habeas corpus petition. *See* 28 U.S.C.§ 2254(b)(1) and (b)(1)(A) (A state prisoner's habeas corpus petition "shall not be granted unless it appears that----the applicant has exhausted the remedies available in the courts of the State...."). According to the petitioner, there are two periods of preclusion: 1) the date his direct review was concluded to the date his post-conviction petition was filed; and 2) the date his post-conviction proceedings were concluded to the date he filed his motion to reopen his post-conviction petition. He reasons that if equitable tolling is applied to these periods and statutory tolling to the period during which his motion to reopen was pending, then his federal petition would be timely.

Unfortunately for the petitioner, the Sixth Circuit has rejected this argument. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (AEDPA's statute of limitations begins to run on the date a state prisoner's direct appeal becomes final, not on the date on which the petitioner exhausts all of his state post-conviction remedies). This Court must do the same.

2. *No Remedy:* The petitioner's second argument in this category is that the AEDPA statute of limitations deprives him of a remedy and, thus, violates his constitutional right.[5] This argument likewise has been rejected. The courts have found that, because the statute leaves habeas petitioners with a reasonable opportunity to have their claims heard on the merits, AEDPA's limitations statute does not render the habeas remedy "inadequate or ineffective to test the legality of detention." *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2nd Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir.1999); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). *See also Saylor v. Mack*, 27 Fed. Appx. 321, * 323 (6th Cir. Sept. 17, 2001) (citing cases to support conclusion that § 2244(d) does not amount to unconstitutional suspension of the remedy of habeas corpus); *Clark v. Brooks*, 2000 WL 1290349, *1 (6th Cir. Sept. 7, 2000), *cert. denied*, 531 U.S. 1180 (2001). There is no merit to this argument either.

3. *Section 2244(d) is Unjust*: Next, the petitioner argues that the AEDPA limitations statute is unjust, as shown in the case of a petitioner whose state post-conviction statute of limitations statute is greater that the federal one. This argument also has been rejected. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (finding that §

---

[5] The petitioner's specific claim is that § 2244(d) violates his right to due process of law in that it "precludes defendant from obtaining a remedy for their [sic] unconstitutional convictions, thus perpetuating the Constitutional violations rather than remedying them." Doc. 5 at 3. The petitioner, however, has not alleged facts to show that he was deprived of notice and an opportunity to be heard at a meaningful time and in a meaningful manner—the basic elements of a procedural due process claim. *See Mathews v. Eldridge*, 424 U.S. 319, 333-34 (1976). The petitioner's claim that the AEDPA's statute of limitations terminates the writ of habeas corpus as a remedy, in sum and substance, is a claim that § 2244(d) violates the Suspension Clause in Article I, § 9, cl. 2 of the United States Constitution. Thus, the claim will be viewed as such.

2244(d) does not allow revival of the ADEPA's one-year limitations period which ended before the state post-conviction limitations period expired), *cert. denied*, 540 U.S. 924 (2003); *Tinker v. Moore*, 255 F.3d 1331, 133-34 (11th Cir. 2001) (a timely-filed state post conviction petition does not reinitiate AEDPA's one-year period which had already expired). But more important, the situation posited by the petitioner does not apply to him because Tennessee's one-year statutory period within which to file a post-conviction petition mirrors the one-year limitations period in § 2244(d).

      4. *Actual Innocence Exception*: In his final effort to avoid the statute-of-limitations bar, he argues that he is actually innocent, pointing to the testimony of two witnesses at trial who negated the victim's allegations with respect to one charge of child rape, which led the jury to find the petitioner not guilty on this particular charge; to the testimony of a witness at the post-conviction hearing which led the state appellate court to reverse the aggravated sexual assault conviction; to the testimony of this witness and one other who stated at the hearing that the victim had recanted the allegations upon which the remaining child rape conviction was based; and to a letter report from Peter A. Reardon, M.D., who examined the victim and found that there was no evidence of any contusions or lacerations and that the vulva and vagina appeared "normal." The petitioner maintains that, had the jury had all the above evidence before it, it is more likely than not that no reasonable jury would convict him.

As the petitioner correctly asserts, the one-year statute of limitations in § 2244(d)(1) may be equitably tolled where a petitioner presents a credible claim of actual innocence,

11

*Souter v. Jones*, 395 F.3d 577, 599-602 (6th Cir.2005), so as to prevent a miscarriage of justice that would occur if an innocent person's conviction and sentence were allowed to stand. *Doe v. Menefee*, 391 F.3d 147, 174 (2nd Cir. 2004). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Souter*, 395 F.3d 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). However, a claim of actual innocence, which "'means factual innocence, not mere legal insufficiency,'" requires "an otherwise time-barred habeas petitioner [to] demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) and 602). This, however, rarely will happen. *House v. Bell*, 126 S. Ct. 2064, 2077 (2006) ("[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case.")

      The petitioner fails to present any credible evidence to suggest that he is actually innocent. As he acknowledges, the testimony of these witnesses was presented either at trial or during the post-conviction proceedings. Therefore, it does not qualify as new evidence that was not offered at trial. Additionally, this testimony is not the sort of reliable and compelling evidence as is a DNA test or critical physical evidence.

      Moreover, Dr. Reardon's letter report, when taken in its entirety, in no way suggests actual innocence. If anything, the report suggests the opposite. Dr. Reardon's opinion was "that sexual intercourse as claimed with penile penetration was entirely possible.

12

The patient has an adequate vulva, vagina and vaginal orifice to permit sexual intercourse with full penile penetration." (Doc. 5, Exh. G). More important, Dr. Reardon's report is far removed from "new, reliable evidence...that was not presented at trial." This is so because he testified as to his findings at the trial. *State v. Shelton*, 2000 WL 185;8996, * 2. Thus, the petitioner has failed to show that it is more likely than not that his new evidence, viewed with the entire record, would preclude a reasonable juror from finding him guilty of child rape beyond a reasonable doubt. *See Knickerbocker v. Wolfenbarger*, 2007 WL 29190, at *5 (6th Cir. Jan. 5, 2007). Put simply, the petitioner has not made out a credible claim of actual innocence.

Accordingly, because the statute of limitations for petitioner to file a § 2254 petition expired on July 6, 2005, and because this § 2254 application was filed some eleven months later, on June 9, 2006, it is untimely.

## IV. <u>Conclusion</u>

For reasons contained in this memorandum, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of this procedural ruling concerning the timeliness of the petition . *See Slack v. McDaniel,* 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will also **DENY** issuance of a certificate of appealability, 28 U.S.C. §

2253; Fed. R. App. P. 22(b); **GRANT** the respondent's motion to dismiss; and **DISMISS** the petition time-barred under § 2244(d).

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE